**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

CitiFinancial, Inc., Respondent,

v.

Stella B. C. Squire aka Stella B. Cardamone and Beneficial South Carolina, Inc., Defendants,

of whom Stella B. C. Squire is Appellant.

Appellate Case No. 2011-194206

———————————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————————

Unpublished Opinion No. 2013-UP-158
Heard April 3, 2013 – Filed April 17, 2013

———————————

**AFFIRMED**

———————————

Mary Leigh Arnold, of Mary Leigh Arnold, PA, of Mt. Pleasant, for Appellant.

Nikole Haltiwanger Boland, of Riley Pope & Laney, LLC, of Columbia, for Respondent.

———————————

**PER CURIAM:** Stella B. C. Squire appeals the master-in-equity's order denying her motion to vacate the master's order of foreclosure and sale. We affirm pursuant

to Rule 220(b), SCACR, and the following authorities:  Rule 8(d), SCRCP ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) (holding the decision to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial court, and the decision will not be disturbed on appeal absent a clear showing of an abuse of discretion); *id.* at 607, 681 S.E.2d at 888 ("An abuse of discretion occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."); *id.* at 608, 681 S.E.2d at 888 ("[o]nce a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b), SCRCP."); *id.* ("The standard for granting relief from a default judgment under Rule 60(b) is more rigorous than the 'good cause' standard established in Rule 55(c)."); *id.* ("Rule 60(b) requires a more particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or 'other misconduct of an adverse party.'"); *id.* at 608, 681 S.E.2d at 888-89 ("The different standards under the two rules underscore the clear intent to make it more difficult for a party to avoid a default once the court has entered a judgment, which carries greater finality, and often occurs later than a clerk's entry of default.").

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**